IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Timothia Davis,

    Plaintiff,

  v.                                 Case No. 2:05-cv-1128

Kindred Nursing Centers East,
L.L.C., d/b/a Franklin Woods
Nursing and Rehabilitation
Center,

    Defendant.

OPINION AND ORDER

      This is an employment discrimination action filed by plaintiff Timothia Davis against her former employer, Kindred Nursing Centers East, d/b/a Franklin Woods Nursing and Rehabilitation Center.  In a complaint filed in the Court of Common Pleas of Franklin County, Ohio, on December 7, 2005, plaintiff alleged that defendant discriminated against her on the basis of race and disability in violation of Ohio Rev. Code §4112.02(A) by failing to accommodate a seven-day restriction on lifting recommended by plaintiff's physician, and by terminating her employment.  On December 16, 2005, defendant, a Delaware corporation with its principal place of business in Kentucky, filed a notice of removal of the action to this court, citing diversity jurisdiction under 28 U.S.C. §1332(a)(1) as the basis for removal.  On January 12, 2006, plaintiff filed a motion to remand the case to state court, claiming that the amount in controversy does not exceed $75,000 as required for federal jurisdiction under §1332(a)(1).

      A federal district court has original jurisdiction over any civil action "where the matter in controversy exceeds the sum or

value of $75,000, exclusive of interest and costs[.] 28 U.S.C. §1332(a).  A plaintiff in a diversity case may defeat removal to federal court by suing for less than the jurisdictional amount. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 294 (1938).  Where the plaintiff seeks in the complaint to recover some unspecified amount that is not self-evidently greater or less than the amount-in-controversy requirement, the defendant must prove by a preponderance of the evidence, in other words, that it is "more likely than not," that the plaintiff's claims meet the federal amount-in-controversy requirement.  Gafford v. General Electric Co., 997 F.2d 150, 158 (6th Cir. 1993).  This test "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement."  Id. at 159.

In determining whether the defendant has met its burden, this court must review the damages sought by plaintiff in her original complaint at the time of the removal.  Hayes v. Equitable Energy Resources Co., 266 F.3d 560, 573 (6th Cir. 2001).  In meeting its burden, the defendant is permitted to demonstrate, through a fair reading of the plaintiff's complaint, that the unspecified damages sought will exceed $75,000 if proven.  Long v. McKesson HBOC Red Line Healthcare, No. C2-01-1226 (unreported), 2002 WL 1578840 at *2 (S.D.Ohio April 26, 2002).  See Hayes, 266 F.3d at 573 ("We agree that a fair reading of the unspecified and unliquidated damages sought by Plaintiffs provided that more than $75,000 was in controversy.").  Whether the jurisdictional amount has been met is considered in light of the state law and its recognition of the relief sought.  Klepper v. First Am. Bank, 916 F.2d 337, 341 (6th

2

Cir. 1990).

Even where a plaintiff specifically claims an amount lower than the federal limit in the complaint, remand is not necessarily required where state law enables the plaintiff to seek and recover damages exceeding the amount prayed for in the complaint. Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000). The amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated. Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993).

In determining whether the jurisdictional amount has been satisfied, punitive damages must be considered unless it is apparent that such damages cannot be recovered. Hayes, 226 F.3d at 572. Possible attorney's fees can also be considered as satisfying the jurisdictional amount. Clark v. National Traveler Life Ins. Co., 518 F.2d 1167, 1168 (6th Cir. 1975).

In Rogers, the court found that removal was proper even where the plaintiff's complaint claimed damages in an amount "not exceeding $75,000" where the state law would have allowed plaintiff to recover damages in excess of what she prayed for. Rogers, 230 F.3d at 873. In Mitchell v. White Castle Systems, Inc., 86 F.3d 1156 (table), 1996 WL 279863 (6th Cir. May 24, 1996), the plaintiff in an employment discrimination action claimed damages in an amount less than the jurisdictional limit. The court found that the defendant met its burden of showing that the potential value of the claim, including lost wages and benefits, damages for emotional distress (evaluated as being equal to one year's salary), punitive damages and damages to reputation, would likely exceed the

3

jurisdictional limit.  See also T & W Forge, Inc. v. V & L Tool, Inc., No. 05-CV-1637, 2005 WL 2739321 (N.D.Ohio Oct. 24, 2005)(defendant met burden in case where plaintiff claimed compensatory damages of $32,491.52 and unspecified punitive damages); Graham v. Champion Int'l Corp., No. 2:97-CV-83 (unreported), 1997 WL 33487768 (E.D.Tenn. May 16, 1997)(amount in controversy requirement met where plaintiff sought $45,000 in compensatory damages and open-ended amount of punitive damages).

Plaintiff alleges in her complaint that she was wrongfully denied accommodation for a disability on October 2, 2004.  She further alleges that her employment was terminated on October 15, 2004.  She alleges that she suffered "loss of employment, lost wages, mental and emotional anguish and other losses."  Complaint, ¶ 10.  She demands "damages exceeding $50,000.00, attorney fees, costs and any other relief to which she may be entitled."

Plaintiff asserts claims of race and handicap discrimination in violation of Ohio Rev. Code §4112.02(A).  Section 4112.02(A) prohibits any employer from discriminating against an employee on the basis of race or disability with respect to any terms, conditions, or privileges of employment or any matter directly or indirectly related to employment. Violations of that provision are "subject to a civil action for damages, injunctive relief, or any other appropriate relief."  Ohio Rev. Code §4112.99.

The term "damages" in §4112.99 "is an inclusive term embracing the panoply of legally recognized pecuniary relief."  Rice v. CertainTeed Corp., 84 Ohio St.3d 417, 419, 704 N.E.2d 1217 (1999). Compensatory damages may be recovered, including pecuniary loss, compensation for mental pain and suffering, back pay, front pay and

4

benefits.  See Worrell v. Multipress, Inc., 45 Ohio St.3d 241, 543 N.E.2d 1277 (1989); Berge v. Columbus Community Cable Access, 136 Ohio App.3d 281, 319, 321, 736 N.E.2d 517 (1999); Potocnik v. Sifco Industries, Inc., 103 Ohio App.3d 560, 574 (1995).  Punitive damages may be awarded upon evidence of actual malice.  Rice, 84 Ohio St.3d at 422.  Although there is no express statutory authorization for attorney's fees, such fees may be awarded where it is shown that the opposing party acted maliciously or in bad faith.  Sutherland v. Nationwide General Ins. Co., 102 Ohio App.3d 297, 299-301, 657 N.E.2d 281 (1995).

In her complaint, plaintiff seeks "damages exceeding $50,000.00, attorney fees, costs and any other relief to which she may be entitled."  The complaint contains no cap on the amount of damages which plaintiff is seeking, thus leaving open the possibility that those damages might exceed $75,000.  Even if specific language requesting less than $75,000 had been included in the complaint, Ohio Civil Rule 54(C) provides that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded the relief in the pleadings."  Ohio Civil Rule 54(C).  Thus, a prayer for less than $75,000 would not preclude plaintiff from seeking a larger recovery at trial.

Plaintiff contends in her motion to remand that the amount in controversy does not exceed $75,000.  This statement does not arise to the level of a stipulation limiting plaintiff's recovery to less than the jurisdictional amount, but even if it did, a post-removal stipulation as to the value of a claim which reduces the amount in controversy below the jurisdictional limit does not preclude the

removing party from showing that the amount in controversy more likely than not exceeds the $75,000 threshold. Rogers, 230 F.3d at 872. Plaintiff does acknowledge that the "value of this case is approximately $55,000 to $70,000." Motion to Remand, p. 2. Plaintiff's estimate of the value of the case is only $5,000.01 short of meeting the jurisdictional requirement.

Plaintiff alleges in her complaint that she lost wages as a result of her termination. If plaintiff prevails on her discrimination claims, Ohio law would allow for an award of back pay and front pay. The complaint does not specify plaintiff's salary, but it does state that plaintiff was employed as a first shift nursing assistant, and that she had been employed by defendant for over a year at the time of her termination in October of 2004. Even assuming that plaintiff's salary was at or near minimum wage, between $10,000 to $15,000 per year, with no benefits, by the time this case proceeds to trial eighteen months from now, plaintiff could potentially recover between $30,000 and $45,000 in back pay. An award of front pay may also be available.

While plaintiff has not specifically requested punitive damages in her complaint, she has never stated that she does not intend to seek punitive damages, and Ohio Rule 54(C) and §4112.02(A) would permit recovery of punitive damages. Under Ohio law, compensatory damages are used as a yardstick against which to measure a proper punitive damage award. Blust v. Lamar Advertising Co., 157 Ohio App.3d 787, 813 N.E.2d 902, 908 (2004). See, e.g., Dardinger v. Anthem Blue Cross & Blue Shield, 98 Ohio St.3d 77, 781 N.E.2d 121 (2002)(awarding punitive damages in an amount twelve times compensatory damages); Gollihue v. Consolidated Rail Corp.,

6

120 Ohio App.3d 378, 697 N.E.2d 1109 (1997)(upholding punitive damage award of three times compensatory damages).  In this case, even a modest ratio of 1.5 to 1 applied to lost wages of $30,000 to $45,000 would result in punitive damages of $45,000 to $67,500, bringing the possible total award up to the range of $75,000 to $112,500.

Plaintiff has also asserted that she suffered mental and emotional anguish and other losses.  An additional amount equal to the hypothetical one year's salary of $10,000 to $15,000 to compensate plaintiff for emotional distress and damage to reputation, see Mitchell, supra., would bring the total well over $75,000.  Plaintiff has also asserted a claim for attorney's fees.  Defendant notes that even a conservative estimate of two hundred hours work billed at one hundred dollars per hour would result in an award of $20,000 for attorney's fees.

Defendant has met its burden of demonstrating that it is more likely than not that the amount in controversy will exceed the jurisdictional threshold of $75,000.  Accordingly, removal was proper, and plaintiff's motion to remand is denied.

Date: March 2, 2006                s\James L. Graham
                                   James L. Graham
                                   United States District Judge